IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FREDERICK MARC COOLEY,

    Petitioner,                    No. CIV S-07-0720 RRB EFB P

vs.

CAROL A. DALY, et al.,

    Respondents.              ORDER AND
                                        FINDINGS & RECOMMENDATIONS

_____/

       Petitioner filed a document seeking relief for alleged civil rights violations pursuant to 42 U.S.C. § 1983.  He seeks leave to proceed *in forma pauperis*.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       Petitioner's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

       For the reasons explained below, the court construes this action as one seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, finds petitioner has failed to exhaust available state remedies and recommends that this action be dismissed.

       Petitioner's filing brings into play the precise difference between what sorts of claims are cognizable under the civil rights statute, 42 U.S.C. § 1983, and the habeas corpus statute applicable to prisoners under the judgment of a state court, 28 U.S.C. § 2254.  Cognizable under the former are actions against persons who, under color of state law, violate a person's rights

1

under the federal constitution, federal statutes or treaties. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A plaintiff may seek legal or equitable relief. Thus, § 1983 encompasses demands for injunctive relief in the form of release from confinement pursuant to a state court judgment. *Preiser v. Rodriquez*, 411 U.S. 475, 486 (1973). However, the greater specificity of 28 U.S.C. § 2254 and the history of the writ of habeas corpus precludes the operation of § 1983 where a prisoner seeks release from prison. *Preiser*, 411 U.S. at 486. Accordingly, a challenge to "the fact or duration of confinement" is the "core" of habeas corpus, and must be brought in a petition for a writ of habeas corpus, as opposed to a civil rights action. *Id.* at 489. As the United States Supreme Court has explained, *Preiser* found an implied exception to § 1983 where a claim seeks, not merely relates to, "core" habeas corpus relief, i.e., present or future release. *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005). A prisoner's challenge to a prison's internal procedures resulting in an extended period of incarceration, e.g., revocation of time credits as a disciplinary measure, is cognizable under § 1983 as long he seeks only a new, fair process and restoration of the time credits. *Wolf v. McDonnell*, 418 U.S. 477, 555 (1994). However, a prisoner's civil rights action for damages or declaratory relief in which a grant of relief "would necessarily imply the invalidity of the conviction" is not cognizable under § 1983 unless "the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 481,-482, 487 (1994) (damages); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (declaratory relief). In sum,

> a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

With this precedent in mind, the court turns to the allegations in this case.

Petitioner alleges that he is illegally confined in a Nevada jail. On December 12, 2004, he was released to parole under the authority of the California Board of Prison Terms after serving just over ten months of a two-year prison term for an assault conviction. Compl. at 3. He asserts that his parole was discharged on January 15, 2005, pursuant to California law. *Id.*

On April 17, 2006, a Nevada law enforcement officer arrested petitioner, and petitioner was informed that his parole had been revoked for "absconding." *Id.* Plaintiff demands injunctive relief in the form of an order "directing the defendants to discharge Plaintiff off parole and release him immediately." Compl. at 4. Plaintiff does not describe or challenge the process by which it was determined that he had "absconded" and therefore reimprisoned. Instead, he asserts that his rights are violated by the fact of his confinement and he demands immediate release. The challenge clearly falls within the "core" of habeas corpus as explained in *Preiser*, and were the court to grant relief pursuant to plaintiff's chosen remedy, § 1983, it would necessarily imply the invalidity of the decision to confine him. Therefore, plaintiff must proceed under the federal habeas statute.

When a prisoner files a § 1983 complaint seeking relief available only under habeas corpus, the district court should construe the complaint as a habeas petition, and require exhaustion of state remedies. *Preiser*, 411 U.S. at 500; *Franklin v. Oregon*, 662 F.2d 1337, 1347 (9th Cir. 1981); *see also* 28 U.S.C. § 2254(b) (exhaustion of available state remedies ordinarily is a requirement for the granting of habeas corpus relief). If the prisoner has not exhausted all available state remedies, the district court should dismiss the habeas claims. *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 681-82 (9th Cir.1 984). Here, petitioner expressly states that "[n]o actions in state or federal court have been filed for the same or similar facts as involved in this action." Compl. at 4. The court understands this statement as a concession that petitioner has not exhausted available state remedies. Thus, this action must be dismissed.

Accordingly, it hereby is ORDERED that plaintiff's request to proceed *in forma pauperis* is granted; and

It further is RECOMMENDED that this action be dismissed for petitioner's failure to exhaust available state remedies.

////

1  These findings and recommendations are submitted to the United States District Judge
2  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days
3  after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
6  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
7  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998);  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
8  Dated:  July 27, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4